## Supreme Court—General Term—Fifth Department.

### October, 1885.

## PEOPLE v. CARR.

### LARCENY.

Defendant, a clerk, having made at different times collections for his em-ployers amounting to $677.13, but of which no one sum collected exceeded $25, came within the county of Erie, and with an amount of said moneys exceeding $25 in his possession, and absconded therewith from Erie county. *Held*, that the defendant committed the offense of grand larceny in the second degree in the county of Erie.

The proof which under section 395 of the Code of Criminal Procedure must be given, in addition to a defendant's confession, in order to convict, may be either direct or circumstantial.

An objection that the indictment does not sufficiently describe the offense must be taken by demurrer.

APPEAL, by Alonzo E. Carr, defendant, from the judg-ment of the Court of Sessions of Erie county, Hon. Wm. W. Hammond, presiding, of February 19, 1885, convicting the appellant of the crime of grand larceny in the second degree.

The prosecutors, Sibley & Holmwood, were merchants doing business in the city of Buffalo, where they both resided, and where they transacted all their business. The defendant was their traveling agent or salesman, soliciting orders from their customers in localities in this state, outside of the county of Erie, and he was authorized to take collections from customers whom he visited, on past-due bills, which, when made, were remitted to his employers or handed over to them on his return to their place of business. He was supplied with samples of goods, and a case in which to carry the same, which was the property of his employers. The 1st of October, 1883, he was supplied with samples at the store in Buffalo, and he started for the purpose of soliciting orders from the persons to whom he usually made sales, and to make collections of the same parties. Between that time and the third of December following he made communications by letter addressed to his employers, which they received through the mail, in which he in substance stated that he made collections amounting in the aggregate to over $700, giving the name of each person from whom he had made a collection, and the amounts so collected, which were in various small sums from $2 upwards, none exceeding $25. In the indictment he was charged with appropriating moneys to his own use in the sum of $677.13, alleged to be the moneys of Frank Sibley and James Holmwood, his employers, which he had held in his capacity as their clerk and agent. About the fifth of December the prosecutors received a letter from the defendant in which he in substance stated, that he had made collections from their customers of sums of money and enclosed a note dated Buffalo, on the third day of December, for $677.13, payable three years from date with six per cent. interest, reserving to himself the privilege of paying it sooner if convenient, and in the letter he remarked that the note would speak for itself, and if they made him no trouble he would pay it before it was due, but if they made him trouble they would not get much; and he also stated in the body of the letter that necessity compelled him to resort to this unpleasant mode, very much to his regret. He also added, " I have run behind of late for very much, for several reasons, a part of which you are to blame." In a postscript he stated that

he had inclosed a check for the sample case, which would be found at the Erie Railroad depot baggage-room, in a cupboard. With the check they went to the depot in the city of Buffalo and there found and received the sample case. The evidence does not show where this letter was mailed ; nor were the letters dated at any place. Exceptions were taken during the trial which present the questions considered in the opinion.

*Levy Andrews*, for defendant, appellant.

*Edw. W. Hatch*, district attorney (*Tracy C. Becker*, assistant), for the people, respondent.

BARKER, J.—The defendant made the point on the trial, that it did not appear that the offense charged in the indictment was committed in the county of Erie, and if the evidence established any offense, it showed that it was committed elsewhere, and therefore the court had no jurisdiction.

The indictment did charge the offense was committed in the county of Erie, and that averment, like all the other allegations of facts set forth therein, was put in issue, by defendant's plea, not guilty. After reading with care all the evidence bearing on this question, we are satisfied that it fairly tended to prove that after this defendant made the several collections of money from the prosecutor's debtors, whom he visited for that purpose, he, with all the money thus received in his actual possession, came within the limits of Erie county, and from the city of Buffalo, absconded with the money in his custody. Whether this was so or not was left for the jury to say. It is fair to presume, under the circumstances as they appear in this case, that he brought the sample case with its contents to the place where he deposited the same, and received a check therefor, which, with the note, dated Buffalo, December 3, he sent to his employers, indicating that at that time he was in the city of Buffalo. The jury have found, by their verdict, that he had the money collected, or at least an amount above $25, when he absconded. After this time, the defendant was not to be found in Buffalo, and was, in fact, after indictment found, arrested in another state, and we think the jury were justified in reaching

the conclusion that he absconded from the city of Buffalo, after he left the sample case in the depot in the city of Buffalo.

Although the several sums collected were in amount less than $25 each, yet if he had all of these several sums in hand when in Buffalo, then the entire amount in his possession which belonged to his employers may be regarded as one aggregate sum with a view of determining the character and degree of his offense. If it had appeared that he had appropriated to his own use each sum as collected, and at the place where the same was received, then questions not now before us would have been presented for our consideration, as the evidence tended to prove that at the time he absconded from the city of Buffalo he had in his custody as clerk or agent moneys belonging to the prosecutors and in amount above the sum of $25. Therefore, if guilty of any offense, the jury were justified in finding him guilty of the crime of grand larceny in the second degree, which is defined to be stealing property of the value of more than $25, and not exceeding $500. *Penal Code*, § 531.

The defendant being in the prosecutors' employment as their agent, authorized, by agreement with them, to collect and pay over the moneys due them from their customers, if he appropriated any portion of the same to his own use, it constituted the crime of larceny as that offense is now defined by section 528. Prior to this enactment, the offense would have been embezzlement. The proof is ample and direct that the several persons from whom defendant admitted that he had made collections were debtors to the prosecutors and in sums stated in the admissions.

The confessions of an interested party, if voluntary, may be proven against him, but he cannot be convicted on his confessions alone, without additional proof that the crime charged has been committed. *Crim. Code*, § 395. The admissions of the defendant, with the other proofs made by the people, tended to prove every fact essentially necessary to constitute larceny in the second degree as now defined. The point is now made that there was no proof of any payment of money to the defendant in addition to his confessions, and to make out a case it was necessary for the people

to prove such payment by some additional evidence, and that none was made, and therefore the defendant should have been acquitted under the rule of the statute. The additional proof required of the people may be either direct or circumstantial. There was produced on the trial, in our opinion, evidence in addition to the defendant's confessions, tending to prove, that collections were made by him from his employer's customers, of sums of money and from the persons mentioned in his written confession. This evidence is both direct and circumstantial in its character, and its legitimate effect is to prove the payments as admitted. It was proved that the individuals mentioned as having made the payments were debtors of the prosecutors and lived distant from their place of business, and that accounts were past due, and the defendant was authorized to make such collections. He had sold to them the goods out of which the indebtedness arose, and the prosecutors had shipped the same to them. The note which he made and sent to his employers was an act on the part of the defendant distinct from his confession, and, in and of itself, tended to prove that he had received the money as charged in the indictment.

After interposing the plea of not guilty, and after the trial was commenced, the defendant moved to quash the indictment on the ground that it did not sufficiently describe the offense. In this particular, the indictment is not open to any criticism. But objections of this character, and the one also, that two or more distinct offenses are improperly joined in the indictment, must be raised and disposed of on demurrer, otherwise they are deemed waived. *Code Crim. Pro.* §§ 323, 331.

We have noted and considered all the exceptions taken on the trial, to which our attention has been called by the prisoner's counsel, and none of them point to any error, and we are unable to discover any reason why the judgment should not be affirmed.

Judgment affirmed.

SMITH, P. J., and BRADLEY, J., concur.